### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**SAMUEL E. KYZAR, # K2361**                                        **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 5:25CV143-DCB-MTP**

**WARDEN ANGELENA JOHNSON and**
**BURL CAIN**                                                       **RESPONDENTS**

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

BEFORE THE COURT is *pro se* Petitioner Samuel E. Kyzar's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [7].   He is incarcerated with the Mississippi Department of Corrections ("MDOC") and challenges its calculation of his state sentences.   The Court has considered and liberally construed the pleadings.   The case is dismissed.

On December 1, 2025, Kyzar filed the instant action.   He was convicted in the Circuit Court of Lincoln County for aggravated assault on a law enforcement officer and felon in possession of a weapon.   He was sentenced to a total of 32 years, with ten suspended.   He accuses MDOC of miscalculating his sentences by treating them as habitual offender sentences. As a result, he contends that MDOC is causing him to be held longer than he otherwise should be.   He alleges that he has pursued administrative remedies with MDOC but admits he has not sought relief in the state courts, since he is not challenging the trial court's sentencing order.

Section 2254 provides in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

(A)      the applicant has exhausted the remedies available in the courts of the

State; or

. . .

(B)(ii)  circumstances exist that render such process ineffective to protect the
rights of the applicant.

28 U.S.C. § 2254(b)(1).   The exhaustion requirement gives "the State the 'opportunity to pass

upon and correct' alleged violations of its prisoners' federal rights."   *Baldwin v. Reese*, 541 U.S.

27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).   After a Mississippi

prisoner pursues an administrative remedy with MDOC, the Mississippi courts review sentence

calculation claims of its prisoners.   *Putnam v. Epps*, 63 So. 3d 547, 551 (¶7) (Miss. 2011);

*Roberson v. Fisher*, 303 So. 3d 788, 792 (¶¶15-19) (Miss. Ct. App. 2020); *Murphy v. State*, 800

So. 2d 525, 527-28 (¶10) (Miss. Ct. App. 2001).   Kyzar admits he has not applied to the state

courts for relief on his sentence calculation claim.   Therefore, the case is dismissed, without

prejudice, for failure to exhaust State court remedies.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

*pro se* Petitioner Samuel E. Kyzar's Amended Petition [7] for Writ of Habeas Corpus, pursuant

to 28 U.S.C. § 2254, should be and is hereby **DISMISSED WITHOUT PREJUDICE**.   A

separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the ___18th___ day of ___March___, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE